Connon, Richard F., J.
The complaint filed in this case has raised issues which are not unique to the Court. What is before me now is the plaintiffs motion for a preliminary injunction based on two theories: nuisance and trespass. Essentially the case involves golf balls coming from defendant’s property onto the plaintiffs’ property. There have been claims of damages to plaintiffs’ home which do not appear to be in dispute. Plaintiffs’ other claims involve the numbers of golf balls coming onto their properly during the course of the year. The defendant’s golf course is open year round, weather permitting. What seems to have brought this to a head is the planned installation of a swimming pool on plaintiffs’ properly and the likelihood that golf balls may cause injuries, which are all legitimate concerns.
The legal standard for obtaining a preliminaiy injunction involves a combination of the moving party’s claim of injury and chance of success on the merits. Packaging Industry Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). “If the judge is convinced that failure to issue the injunction would subject the moving party to a substantial risk of irreparable harm, the judge must then balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party.” Only where the balance between these risks cuts in favor of the moving parly may the preliminaiy injunction properly issue.
As stated, this case involves the defendant golf course’s patrons hitting balls onto the plaintiffs’ property. Although the course is open year round weather permitting, it seems the concern of the plaintiffs is the installation of a swimming pool and the possibility of injuries, by incoming golf balls, to those using that facility.
The information before the court is somewhat sketchy at best considering the claims and the harms that may be incurred by the plaintiffs at this period of time. It would not appear that there is a substantial risk of harm during the winter months when obviously the pool would not be in use. What is required is for some empirical data regarding the number of golf balls and the location that they may end up on the plaintiffs’ property in relationship to both the house and the pool. Although this court is DENYING the preliminary injunction at this stage, the court is doing so without prejudice and will hear the matter on the merits sometime in the spring or early summer after the golf season begins, in which case more information may then become available with regard to the number of balls and the areas on the plaintiffs’ property that they may land. Both parties should be aware that the plaintiff is in a properly zoned residence wherein he is permitted to construct an in-ground pool in compliance with the zoning bylaws; that, although the defendant may have arrived at the scene long before the plaintiffs, nonetheless they must be aware and vigilant about making sure that no errant golf balls end up on plaintiffs’ property which may cause serious harm.